[Crim. No. 2521. Second Appellate District, Division One.—October 6, 1934.]

THE PEOPLE, Respondent, v. LEO PAZ et al., Defendants; JOHN LOPEZ et al., Appellants.

Frederic H. Vercoe, Public Defender, and George A. Benedict, Deputy Public Defender, for Appellants.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

THE COURT.—Appellants Lopez and Ablog, together with three other defendants who have not appealed, were accused of the murder of one Tabajonda, and all were convicted of manslaughter. ■ A motion for a new trial was denied on September 29, 1933, and judgments were pronounced on October 13th, after denial of the applications of defendants for probation. The notice of appeal from the judgments and from the order denying motion for a new trial, by defendants Lopez and Ablog, made in writing, was filed October 14th. It thus appears that the notice of appeal from the order denying motion for new trial was too late, and for that reason must be dismissed. Therefore we have before us the appeal of only these two defendants from the judgments.

■ The sole ground of appeal is that the judgments should be reversed and causes remanded for new trial because the verdicts of the jury are contrary to and unsupported by the evidence and are contrary to law. Specifically, the only questions presented by appellants for consideration by this court are, whether a conspiracy existed among the several defendants to attack Tabajonda; and if so attacked by them, whether the death of Tabajonda was the result of that conspiracy.

The evidence shows that on the night when Tabajonda was killed a crowd of Filipino boys came out of a dance hall and a fight occurred which is summarized by counsel

for appellants as follows: "As the deceased and two other boys reached the bottom of the stairs, one of the boys in the crowd, not one of the defendants in the case, struck one of the boys with the deceased but not the deceased. At once the fight was on and apparently everybody in the crowd engaged in the melee, which finally resulted in the death of Tabajonda, the deceased."

However, although the testimony may not be as clear and concise as might be desired, it is thought that it fairly justified a conclusion by the jury of the following facts, to wit: As Tabajonda and two companions named respectively Cusilet and Aliado together went down the stairs of the dance hall, which was located on the second floor of the building, they were met at the foot of the stairs by one Terrio and the five defendants in the action. At once, Terrio struck Cusilet with his fist, which blow knocked Cusilet to the sidewalk. While Cusilet was still lying on the sidewalk, both Terrio and appellant Ablog attempted to kick Cusilet; that after Tabajonda reached the foot of the stairs, he attempted to run away, but was stopped by Terrio, who stabbed Tabajonda in the back. That blow, however, was not the cause of Tabajonda's death. He did not fall when he was stabbed, but was immediately attacked and struck by all the defendants, except Ablog. As a result of the blows, Tabajonda fell to the sidewalk, and appellant Ablog advanced upon Aliado and made a motion as if to stab Aliado with a knife. Soon after Tabajonda fell, his body was discovered by the police. The autopsy showed that death resulted to Tabajonda from a blow received by him on his head. During the greater part of the time when Tabajonda was being attacked, appellant Ablog was menacing Aliado, who, as hereinbefore stated, was one of Tabajonda's companions as they descended the stairs from the dance hall.

This court is of the opinion that the foregoing evidence was sufficient to warrant the conclusion by the jury that Terrio and the five defendants herein had entered into a conspiracy to attack Tabajonda and his two companions; and that Tabajonda's death was the direct result of such conspiracy. ▮ The authorities are numerous to the effect that proof of a conspiracy, like any other fact, may be established by circumstantial evidence. (*People* v. *Lane,*

101 Cal. 513 [36 Pac. 16]; *People* v. *Lawrence*, 143 Cal. 148 [76 Pac. 893, 68 L. R. A. 193]; *People* v. *Yeager*, 194 Cal. 452 [220 Pac. 40]; *People* v. *Cory*, 26 Cal. App. 735 [148 Pac. 532]; *People* v. *Correa*, 44 Cal. App. 634 [186 Pac. 1055].)

The judgments are affirmed. The appeal from the order by which the motion for a new trial was denied is dismissed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 17, 1934.